## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| OSCAR RENE CONTRERAS FLORES | CIVIL ACTION NO. 26-0463 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| KRISTI NOEM, et al. | MAGISTRATE JUDGE AYO |

### <u>MEMORANDUM RULING</u>

Pending before the Court is a motion for a temporary restraining order and preliminary injunction ("TRO motion") filed by the Petitioner, Oscar Rene Contreras Flores, who also filed a petition for a writ of habeas corpus. R. Docs. 1, 2. In his motion, Contreras Flores asked the Court to order his release for medical treatment and prohibit his removal from the United States. R. Doc. 2, at 11. The Government filed an opposition, and Contreras Flores replied. R. Doc. 5, 7. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The Court orders that the Government is **PROHIBITED FROM REMOVING** Contreras Flores from the United States until resolution of this matter. The Court further orders that Contreras Flores's petition of habeas corpus is hereby **REFERRED** to the Magistrate Judge for consideration and disposition.

To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4)

that a temporary restraining order will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Contreras Flores argues that his removal is unlawful because the United States Citizenship and Immigration Services issued him a Bona Fide Determination and Deferred Action following his petition for a U Visa. R. Doc. 2, at 9. The Government does not dispute that Contreras Flores remains on a deferred action status. R. Doc. 5, at 5.

First, Contreras Flores will likely succeed in arguing that the threatened removal is unlawful while his deferred action status remains in effect. Other courts who have considered this precise issue have ruled the same. *See, e.g.*, *Maldonado v. Noem*, No. 25-2541, 2005 WL 1593133, at *2 (S.D. Tex. June 5, 2025) ("[Government's] decision to detain and remove Petitioner without an opportunity to respond and without a hearing appears to be a procedural due process violation…"); *Castillo v. Parra*, No. 25-25011, 2025 WL 4092624, at *6 (S.D. Fla. Dec. 1, 2025) ("By detaining Petitioner and seeking to execute a reinstated removal order, ICE appears to be acting contrary to DHS's exercise of discretion and the protections that accompany it."); *Leon v. Noem*, No. 25-1495, 2025 WL 4113562, at *3 (W.D. La. Oct. 30, 2025) (applying deferred action under SIJS and holding "Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status."). [1]

---

[1]    For its part, the Government failed to cite any caselaw that would allow the removal of Contreras Flores while his deferred action status is still in effect.

Second, Contreras Flores would suffer irreparable harm from removal because removal would extinguish the benefits of his deferred action status, including his work permit. *Castillo*, 2025 WL 4092624, at *7 (collecting cases).

Finally, a balance of the equities and public interest also weigh in Contreras Flores's favor. *Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the final two TRO factors "merge when the Government is the opposing party."). The irreparable harm Contreras Flores would suffer, including loss of his deferred action benefits, outweighs any injury to the Government's generalized interest in enforcement of its immigration laws. Furthermore, injunctive relief serves the public interest by ensuring that the Government adheres to the regulatory process of the U Visa program.

The Court finds that Contreras Flores has established that he is entitled to a temporary restraining order and preliminary injunction. Contreras Flores may still be subject to removal on some future date if his deferred action status is terminated or expires. But until then, Contreras Flores is not removable while his deferred action status remains in effect.

**DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of February, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**